# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEBREGIORGIS ZERISENAY, <br><br> Petitioner, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | Case No. ED CV 20-1390 ODW (MRW) <br><br> **ORDER DISMISSING ACTION WITHOUT PREJUDICE** |

The Court dismisses this immigration-related matter as moot and for lack of jurisdiction.

\* \* \*

1. Petitioner Zerisenay is an inmate at the federal prison in Victorville. He has a projected release date from criminal custody in 2025. (Docket # 9-1 at 1-2.)

2. In July 2020, Petitioner filed a "motion to dismiss immigration detainer." (Docket # 1.) Petitioner's submission alleged that there was an immigration detainer pending against him. Petitioner contends that the

1 detainer was improper based on his claim to derivative U.S. citizenship
2 based on the status of his parents.  (Id.)

3     3. Magistrate Judge Wilner screened the motion.  Judge Wilner
4 noted several key defects with Petitioner's submission, including the lack of
5 a recognizable case-commencing pleading.  (Docket # 3.)  Judge Wilner
6 ordered Petitioner to submit a supplemental statement addressing these
7 problems.  In response, Petitioner filed various additional materials
8 (previously submitted to immigration officials) in which Petitioner asserted
9 what he contended were his correct date and place of birth.  (Docket # 4.)

10     4. Although noting that Petitioner's filings did not address the
11 Court's concerns, Judge Wilner directed that these materials be served on
12 the government for review and response.  (Docket # 5.)  In its response, the
13 government explained that ICE cancelled the immigration detainer in
14 August 2020. (Docket # 9.)  Because the government construed Petitioner's
15 action to be one sounding in habeas corpus, the government suggested that
16 the case was now moot on the termination of the detainer.  (Id. at 2.)

17     5. Petitioner filed a response asserting that the Court "adjudicate
18 the issues" and order the government to correct alleged errors with his
19 citizenship application.  (Docket # 12 at 6-7.)  The government, in turn,
20 noted that this district court did not have jurisdiction to consider or
21 overrule the decision of immigration authorities regarding the issues of
22 Petitioner's application.  (Docket # 14.)

    \* \* \*

24     6. If it "appears from the application that the applicant or person
25 detained is not entitled" to relief, a court may summarily dismiss an action.
26 Local Civil Rule 72-3.2 (magistrate judge may submit proposed order for

summary dismissal to district judge "if it plainly appears from the face of the petition [ ] that the petitioner is not entitled to relief").

7. Petitioner's action is certainly moot. He filed a "motion" requesting that his immigration detainer be cancelled during the pendency of his criminal custody. (Docket # 1.) The government demonstrated that the detainer was terminated. (Docket # 9.) That made the federal action moot – the Court is no longer able to provide Petitioner with the relief that he requested in his motion.

8. Further, Petitioner has not established that this federal district court has jurisdiction to take up his additional claims regarding his citizenship application. Such claims are ordinarily reviewed in immigration proceedings, through administrative appeals within the executive branch, and on appeal to a federal court of appeals. 8 U.S.C. § 1252(b); Chau v. INS, 247 F.3d 1026, 1028 n.2 (9th Cir. 2001); Ortega-Morales v. Lynch, 168 F. Sipp. 1228 (D. Ariz. 2016) (discussing finality and exhaustion requirements under immigration statutes).

9. Petitioner offers no understandable basis for this district to assert jurisdiction over the remains of his claims here. As a result, the action must be dismissed for lack of jurisdiction.

1       Therefore, the present action is hereby DISMISSED without
2 prejudice.
3       IT IS SO ORDERED.

Dated: _December 9, 2020

                HON. OTIS D. WRIGHT II
                UNITED STATES DISTRICT JUDGE

Presented by:

HON. MICHAEL R. WILNER
UNITED STATES MAGISTRATE JUDGE